IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENGELBERT PIZANO,                      )
                                       )
                     Plaintiff,        )
                                       )
         v.                            )   No. 2016 CV _____
                                       )
IKO MIDWEST, INC.,                     )
                                       )
                     Defendants.       )

## NOTICE OF REMOVAL

Defendant IKO Midwest, Inc. removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and, in support of the removal, state as follows:

1.      Plaintiff commenced this action in the Circuit Court of Cook County, Illinois by filing a complaint on May 27, 2016, styled as *Pizano v. IKO Midwest, Inc.*, No. 2016 L 5372.

2.      Attached as **Exhibit A** is a copy of the complaint filed in the Circuit Court of Cook County, Illinois.  28 U.S.C. § 1446(a).

3.      Summons was issued on May 27, 2016, with service to be accomplished by the Sheriff of Cook County.

4.      Attached as **Exhibit B** is a copy of the summons issued by the Circuit Clerk of Cook County, Illinois, and direction to the Sheriff of Cook County to effectuate service.

5.   This notice is filed within thirty (30) days of Defendant's receipt of the complaint.  28 U.S.C. § 1446(b).

6.   The Sheriff of Cook County served the summons and complaint on June 6, 2016.

7.   Attached as **Exhibit C** is a copy of the confirmation of service from the Sheriff of Cook County.

8.   There is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a), (c).

9.   Plaintiff Engelbert Pizano is a citizen of the State of Illinois.

10.   Defendant IKO Midwest, Inc., is a Delaware corporation with its principal place of business in Toronto, Canada.

11.   Attached as **Exhibit D** are copies of the Delaware and Illinois corporate registration information.

12.    The President of IKO Midwest, Inc., who has the ultimate decision-making authority and directs the company, is located in Toronto, Canada.

13.   The official corporate records of IKO Midwest, Inc., including the minute books, are also maintained in Toronto, Canada.

14.   The amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

15.   Plaintiff seeks lost wages and benefits as a result of his termination, and exemplary damages.  (**Exh. A**, Compl. ¶¶ 44-46.)

16. If the relief requested in the Complaint were granted, Plaintiff would recover in excess of $75,000, exclusive of interest and costs. (**Exhibit E**, Affidavit. ¶¶ 5-6.)

**WHEREFORE**, Defendants requests the United States District Court for the Northern District of Illinois assume jurisdiction over the above-captioned action.

**DEFENDANT IKO MIDWEST, INC.**

By: s/Steven Gillman

One of its Attorneys

Steven Gillman
Andrew Fiske
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Flr.
Chicago, Illinois 60603
Phone: (312) 263-3600
Fax: (312) 578-6666
steven.gillman@hklaw.com
andrew.fiske@hklaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on **June 28, 2016**, he caused the foregoing

**Notice of Removal** to be served by electronic and United States Mail, postage

prepaid from 131 S. Dearborn St., Chicago, Illinois, upon the following counsel of

record:

David L. Lee
Jennifer C. Weiss
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd, Suite 801
Chicago, Illinois 60604
d-lee@davidleelaw.com
jcweiss@davidleelaw.com

s/Steven Gillman

#46975834_v1

# EXHIBIT A

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
CALENDAR: T
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

### *In the Circuit Court of Cook County, Illinois County Department, Law Division*

Engelbert Pizano,

  plaintiff,

—v—

IKO Midwest Inc., a Delaware corporation,

  defendant.

## Verified Complaint for Retaliatory Discharge

Plaintiff complains as follows of defendant:

### Nature of suit

1. This action seeks redress for defendant's firing of plaintiff in retaliation for plaintiff's having suffered on-the-job injuries that led to worker's compensation claims.

### Parties and Venue

2. Plaintiff is Engelbert Pizano ("Mr. Pizano").

3. Defendant is IKO Midwest Inc., a Delaware corporation.

4. Venue is proper in Cook County pursuant to Code of Civil Procedure §2-102(a) because defendant does business in Cook County and maintains registered offices in Cook County.

### Mr. Pizano's employment history at defendant

5. Defendant hired Mr. Pizano in approximately January 2006 as a Manufacturing Lead Man.

6. Mr. Pizano never had any problems with his employment until he was injured on the job and brought a workers' compensation claim.

## Mr. Pizano's first on-the-job injury and workers' comp claim at defendant

7. Sometime in 2007, while Mr. Pizano was working, he fell off a ladder, hit his left hip, and scraped his shin.

8. Mr. Pizano immediately told his supervisor about the accident, who asked how Mr. Pizano felt but did not file an accident report. Mr. Pizano did not see a doctor and returned to work.

9. A few days later, Mr. Pizano's left hip started to hurt more and more. Mr. Pizano told his supervisor about the pain, and the supervisor replied that defendant would send Mr. Pizano to a doctor if the pain continued. The supervisor did not file an accident report.

10. Soon thereafter, the pain got so bad that it was incredibly difficult for Mr. Pizano to dress himself. Mr. Pizano again told his supervisor of the pain, and the supervisor sent Mr. Pizano to the company doctor. Once Mr. Pizano went to the company doctor, the supervisor did file an accident report.

11. The company doctor sent Mr. Pizano for x-rays and gave him some pain pills, which Mr. Pizano took according to the company doctor's instructions.

12. The company doctor also put Mr. Pizano on a 10-pound, light-duty restriction.

13. About three weeks later, Mr. Pizano began to feel better and the company doctor removed his medical restrictions.

14. After the company doctor removed Mr. Pizano's medical restrictions, however, the pain returned.

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
PAGE 2 of 7

-2-

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
PAGE 3 of 7

15. Mr. Pizano thereupon went to Human Resources to report the pain. Human Resources told Mr. Pizano that they would contact the workers' compensation adjuster and that Mr. Pizano should come back the following day, which he did.

16. The following day, however, Human Resources told Mr. Pizano they had not contacted the worker's compensation adjuster after all.

17. After a few weeks went by, Human Resources still had not contacted the worker's compensation adjuster.

18. Human Resources thereupon told Mr. Pizano to contact the worker's compensation adjuster himself, which he did.

19. The worker's compensation adjuster ended up denying Mr. Pizano's claim.

## Mr. Pizano's second on-the-job injury and comp claim at defendant

20. Around May 13, 2009, Mr. Pizano again injured himself on the job.

21. This injury happened when Mr. Pizano was pulling a jam out of the cooling section and felt a sharp pull in his left leg.

22. The following day, Mr. Pizano was in a lot of pain and reported the injury and the pain to his supervisor, who sent Mr. Pizano to Human Resources.

23. A few days later Mr. Pizano had incredible pain while getting dressed and called Human Resources, which sent him to the company doctor.

24. Instead of treating Mr. Pizano's injuries, the company doctor simply wrote Mr. Pizano a prescription for more of the same pain pills. Mr. Pizano protested and asked the company doctor for more substantial treatment that would deal with root of the problem. The company doctor replied that he could only send Mr. Pizano to physical therapy.

-3-

25. Mr. Pizano attended physical therapy as prescribed by the company doctor, but the pain only got worse and worse.

26. Then, around June 3, 2009, Mr. Pizano discovered that worker's compensation had denied his treatment.

27. Mr. Pizano went to Human Resources to try and resolve the problem, but Human Resources only gave Mr. Pizano the run-around and did not help at all.

28. Mr. Pizano finally had to hire a worker's comp attorney, which he did around August 2009.

## Defendant retaliates against Mr. Pizano for his injuries and comp claims

29. At the direction of his worker's comp attorney, Mr. Pizano went to see his own doctor who then sent him to a specialist.

30. Sometime in October 2009, the specialist put Mr. Pizano on a 20-pound restriction.

31. Mr. Pizano informed defendant of his 20-pound restriction, and defendant returned Mr. Pizano to work for three days.

32. Then Mr. Pizano's supervisor called him at home and told him not to return to work until he had no medical restrictions or a full medical release.

33. Defendant's refusal to accommodate Mr. Pizano's 20-pound restriction makes no sense, however, because defendant had previously accommodated his 10-pound restriction when the company doctor had put Mr. Pizano on it.

34. From then on, defendant showed no interest whatsoever in accommodating Mr. Pizano's medical restrictions nor in bringing him back to work, even on a light-duty basis.

-4-

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
PAGE 4 of 7

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
PAGE 5 of 7

35. Over the next few months, Mr. Pizano tried to contact Human Resources to talk about his medical restrictions, possible light duty, and returning to work, but Human Resources would never return his calls or his e-mails.

36. When Mr. Pizano did manage to speak with someone in Human Resources, that person told Mr. Pizano that they had nothing to discuss with him and that he should talk with his attorney.

37. Defendant refused to settle Mr. Pizano's worker's-compensation case unless he resigned his job, which Mr. Pizano did not want to do.

38. After Mr. Pizano refused to resign, defendant retaliated against him further.

39. Defendant continued to refuse to permit Mr. Pizano to work within his restrictions.

40. Also, around October 2010, Mr. Pizano's doctor gave him a release with the only restriction being no squatting, but defendant still refused to let Mr. Pizano work within his restrictions.

41. Finally, around June 3, 2011, Mr. Pizano received a COBRA notice that defendant had fired him on May 31, 2011.

## Liability

42. The State of Illinois has a public policy that employees be free from retaliation for having workers' compensation claim.

43. Defendant fired Mr. Pizano in retaliation for Mr. Pizano's having had workers' compensation claims and on-the-job injuries.

### Damages

44.     As a proximate result of defendant's retaliation, Mr. Pizano lost his job, lost wages, lost employment benefits, and suffered the type of emotional distress people normally suffer when they lose their jobs and/or are retaliated against, commonly called "garden-variety emotional distress".

45.     In retaliating against Mr. Pizano, defendant acted willfully, maliciously, and in wanton disregard for Mr. Pizano's rights.

46.     To punish this defendant for this retaliation against Mr. Pizano and to deter future retaliations by this defendant and other employers, exemplary damages should be awarded.

*Wherefore,* Plaintiff Engelbert Pizano prays that this Court enter judgment in his favor and against defendant for:

a.     compensatory damages in excess of the jurisdictional requirement of the Law Division,

b.     exemplary damages,

c.     the reasonable expenses and costs of this action, and

d.     such other relief as this Court deems just and appropriate.

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
PAGE 6 of 7

-6-

                                                    Engelbert Pizano,
                                                           plaintiff,

By: _____
                                                       His attorney

## Verification by Certification

Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, Engelbert Pizano certifies that the statements set forth in this Verified Complaint are true and correct.

5-12-2016
Date

_____
Engelbert Pizano

ELECTRONICALLY FILED
5/27/2016 6:20 PM
2016-L-005372
PAGE 7 of 7

David L. Lee #52865
d-lee@davidleelaw.com
Jennifer C. Weiss #45107
jcweiss@davidleelaw.com
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 801
Chicago, IL 60604
312-347-4400

-7-

# EXHIBIT B

Summons - Alias Summons                                                                      (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ENGELBERT PIZANO

v.

IKO MIDWEST INC. A DEL. CORP.

No. 2016-L-005372

Defendant Address:

IKO MIDWEST INC. A DEL. CORP.

R/A NATIONAL GROUP SERVICES

131 S. DEARBORN ST.

2400

CHICAGO, IL 60603

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 52865

Name: LEE DAVID L

Atty. for: ENGELBERT PIZANO

Address: 53 W JACKSON #801

City/State/Zip Code: CHICAGO, IL 60604

Telephone: (312) 347-4400

Primary Email Address: staff@davidleelaw.com

Secondary Email Address(es):

jeff@davidleelaw.com

Witness: Friday, 27 May 2016

DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT C



**Cook County**
**THOMAS J DART**

**Civil Process**
**Service Lookup**

Select Language ▼

Powered by Google Translate

## Search Results:

| Sheriff # | Name | Address | Status |
|---|---|---|---|
| 02132266 | IKNO MIDWEST INC A CEL CORP | 131 S DEARBORN ST 2400, CHICAGO, IL 60603 | SERVED |

**Service Date/Time:** 6/6/2016   1:00:00 PM

**Service Type:** Service on a Corporation/Company/Business/Partnership

**Served on:** MRS. CARTER , Black female

**Remarks:**

[ Search Again ]

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**

# EXHIBIT D

Division of Corporations - Filing



**Department of State: Division of Corporations**

Allowable Characters

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of
Documents

Frequently Asked Questions   View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | 3651383 | Incorporation Date / Formation Date: | **4/25/2003** (mm/dd/yyyy) |
|---|---|---|---|

| Entity Name: | **IKO MIDWEST INC.** |
|---|---|

| Entity Kind: | **Corporation** | Entity Type: | **General** |
|---|---|---|---|

| Residency: | **Domestic** | State: | **DELAWARE** |
|---|---|---|---|

**REGISTERED AGENT INFORMATION**

| Name: | **MICHAEL X. PINDER** | | |
|---|---|---|---|
| Address: | **6 DENNY RD., SUITE 200** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19809** |
| Phone: | | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status, Tax & History Information   Submit

Back to Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov



## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **File Number** | 62873191 | | |
| **Entity Name** | IKO MIDWEST INC. | | |
| **Status** | ACTIVE | | |
| **Entity Type** | CORPORATION | **Type of Corp** | FOREIGN BCA |
| **Qualification Date (Foreign)** | 05/14/2003 | **State** | DELAWARE |
| **Agent Name** | NATIONAL GROUP SERVICES | **Agent Change Date** | 06/04/2007 |
| **Agent Street Address** | 131 S DEARBORN STE 2400 | **President Name & Address** | DAVID KOSCHITZKY 120 HAY RD WILMINGTON NE 19809 |
| **Agent City** | CHICAGO | **Secretary Name & Address** | RON HEALEY SAME |
| **Agent Zip** | 60603 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 05/05/2016 | **For Year** | 2016 |

Return to the Search Screen

Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENGELBERT PIZANO,                         )
                                          )
                    Plaintiff,            )
         v.                               )   No. 2016 CV _____
                                          )
IKO MIDWEST, INC.,                        )
                                          )
                    Defendants.           )

## DECLARATION OF DAN LINDHAL

Dan Lindhal swears under oath that he would testify as follows:

1.      I am the Plant Manager at the IKO Midwest facility in Kankakee, Illinois.

2.      As part of my responsibilities as Plant Manager, I have access to and general knowledge of the employee compensation and related information.

3.      Engelbert Pizano ceased actively working at the plant around November 2009, due to a work-related injury.

4.      At that time, Pizano earned about $760 a week.

5.      Assuming the same weekly rate, Pizano's earnings from November 2009 to July 2016 would have been approximately $264,480.

6.       In 2009, Pizano filed a workers' compensation claim seeking $11,759.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2016.

_____